UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAMERON KEMP | CIVIL ACTION NO. 24-cv-1598 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MICHAEL POWERS ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Cameron Kemp ("Plaintiff"), who is self-represented, filed this civil action to complain about an eviction and related proceedings. He names as defendants landlord Michael Powers, two companies and an individual associated with property management services, Shreveport City Court Judge Sheva Sims, Deputy Clerk of Court Bill Whiteside, and the City of Shreveport. For the reasons that follow, it is recommended that the complaint be dismissed.

**Authority to Review the Complaint**

Plaintiff is proceeding in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss an IFP complaint at any time if it determines that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional

facts when necessary, the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

The court may also generally review a complaint to determine whether it states a viable claim. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff notice of the reasons for dismissal and an opportunity to respond before the district judge acts on his case. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process). Such a sua sponte dismissal is permissible even if done prior to a defendant being served. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

**The Complaint**

Plaintiff alleges that on September 11, 2023 Michael Powers filed an eviction action in Shreveport City Court against Kimberly Kemp, Georgia Kemp, and other inhabitants of a residence. Plaintiff, Cameron Kemp, alleges that he was a tenant at the residence and that Mr. Powers accepted rent from him, scheduled inspections with him, and otherwise developed a landlord-tenant relationship with him. The judge allegedly allowed Plaintiff to represent all tenants at a hearing when Kimberly and Georgia were out of state and could not make it back for a court date.

The complaint describes an argument at the eviction hearing about the adequacy of a five-day notice to vacate that the landlord sent by text message. Plaintiff argued that a

ten-day notice was required and that a text message was insufficient under Louisiana law. Judge Sims allegedly disagreed, and Plaintiff takes issue with her ruling. He complains that landlord Powers deceived the city court to carry out an illegal eviction, Judge Sims misinterpreted the law, and that the combination of those events amounts to a conspiracy between them. Plaintiff also includes arguments related to implied tenancy and estoppel.

Plaintiff alleges that Michael Powers, on September 27, 2023, engaged in self-help eviction practices by having an automobile towed from the premises without obtaining a writ or other court order. The city marshal allegedly told Plaintiff that Mr. Powers did not file a writ of possession and simply took possession of the vehicle without following required court proceedings. Plaintiff contends that this amounts to a due process violation, illegal eviction, conversion, and trespass.

The defendants also include Eagles Realty NWLA, Full Spectrum Realty, and Markay Pierre. Their role in the events is not made clear in the complaint, but Plaintiff appears to allege that they are involved in providing property management services for the landlord. Plaintiff complains that the landlord contracted with a new property management company soon before the eviction proceedings but did not give any notice of that change to the tenants. Plaintiff complains that a tenant should be informed in writing when a new property management company takes over a premises. He concludes that the property management defendants are liable for the same damages as Mr. Powers.

Plaintiff alleges that he filed a notice of appeal on October 19, 2023, and Judge Sims set a related hearing regarding that and a motion for annulment of judgment. Plaintiff

alleges that he appeared at the hearing, but Judge Sims ignored him and said that the case was dismissed because neither Georgia Kemp nor Kimberly Kemp were present. Plaintiff complains that he also made the city court aware through various filings of the alleged theft of his vehicle, the illegal eviction, and the like, but Judge Sims wrongfully denied his right to appeal despite these misdeeds. Plaintiff states that the city court case ended in November 2023, well before this action was filed.

Plaintiff makes similar complaints against Deputy Clerk of Court Bill Whiteside. Plaintiff alleges that Whiteside refused to let him file a notice of appeal (although Plaintiff alleged earlier that he did file such a notice). He also claims that Whiteside told Kimberly Kemp that Plaintiff could not file papers in the eviction suit and, if he wished to pursue claims for the theft/conversion of his vehicle or other property, he needed to sue landlord Powers in a separate case. Whiteside said that those were the instructions of Judge Sims. Plaintiff complains that Whiteside improperly gave legal advice and lied to Kimberly Kemp about who was present in court on a particular day.

Plaintiff names the City of Shreveport as a defendant for allegedly failing to train, supervise, and discipline its employees. He complains that this is evidenced by various city officials ignoring or allowing self-help eviction and not following the law as Plaintiff sees it.

**Challenge to the Eviction Judgment**

Plaintiff does not ask for specific relief in his complaint. He complains about the eviction proceedings in Shreveport City Court and asserts that his due process and First

Amendment rights were violated by those proceedings and related events. He invokes 42 U.S.C. § 1983, various provisions of Louisiana landlord-tenant law, and state tort law such as claims for conversion and trespass. Much of Plaintiff's complaint relates to his argument that the city court ruled incorrectly in the eviction proceeding. To the extent Plaintiff attempts to challenge the outcome of the eviction proceeding, his claims are barred by the Rooker-Feldman doctrine.

Federal courts have limited jurisdiction, and they lack jurisdiction to entertain collateral attacks on final state court judgments. This rule is known as the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005) (doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal proceedings commenced and inviting federal district court review and rejection of those judgments). See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action."). If a state court errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse through the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court. Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000).

Courts have applied the Rooker-Feldman doctrine to eviction proceedings. See Wells v. Ali, 304 Fed. Appx. 292, 294 (5th Cir. 2008) (affirming dismissal under Rooker-Feldman doctrine of lawsuit seeking to relitigate eviction-related claims in federal court)

and Goulla v. Wells Fargo Bank, 2022 WL 1237601, at *4 (W.D. Tex. 2022) ("Plaintiff cannot challenge the validity of a state court judgment or order for eviction in federal court because such challenges are prohibited by the Rooker-Feldman doctrine."). Accordingly, the court lacks jurisdiction to hear any attack by Plaintiff on the judgment issued in the state court eviction proceeding that became final months before this action was filed.

**Landlord and Property Management Defendants**

Plaintiff named as defendants Michael Powers, Markay Pierre, and two property management companies. Plaintiff's attempts to assert claims against those defendants based on 42 U.S.C. § 1983 lack merit. To state a claim under the statute, a plaintiff must allege that a constitutional violation was committed by a person acting under color of state law. West v. Atkins, 108 S.Ct. 2250, 2255 (1988). The complaint indicates that the landlord and property management defendants are private individuals and private companies, not city or state officials who acted under color of law.

"A landlord does not act 'under color of state law' simply by filing suit against a tenant or by failing to comply with the requirements of a state statute or procedural rule." Brown v. Crawford, 2008 WL 508390, *2 (N.D. Tex. 2008), citing Dickerson v. Leavitt Rentals, 995 F. Supp. 1242, 1250 (D. Kan. 1998), aff'd, 153 F.3d 726 (10th Cir. 1998) (landlords did not act under color of law by simply filing eviction suits in state court). See also Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538 (1st Cir. 2021) (private company that managed low-income housing and evicted the plaintiff was not a state actor) and Parr v. Colantonio, 844 Fed. Appx. 476 (3rd Cir. 2021) (private landlord that obtained

eviction order in state court was not a state actor). All of the allegations against the landlord and property management defendants depict them as private individuals and companies who obtained a routine eviction from a privately owned residence. There is, therefore, no basis to find that they were state actors who could be liable under Section 1983.

**Judge Sims**

Plaintiff attempts to assert Section 1983 claims against Judge Sheva Sims based on her rulings in the eviction case. Judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). That immunity is not overcome by allegations of bad faith or malice. Pierson v. Ray, 87 S.Ct. 1213 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). Whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in her judicial capacity. Mireles, 112 S.Ct. at 288.

The Fifth Circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Davis v. Tarrant County, 565 F.3rd 214, 222 (5th Cir. 2009). These factors are broadly construed in favor of immunity. Id.

The conduct challenged by Plaintiff unequivocally falls within a judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Judge Sims is alleged to have ruled on issues at the heart of an eviction process and conducted a hearing on a post-judgment matter. The actions occurred in the courtroom, were centered on a case pending before the court, and otherwise squarely fit the type of activity protected by judicial immunity. Even if Plaintiff could demonstrate that Judge Sims was wrong about the law, he has no claim against her based on these allegations.

**Deputy Clerk Whiteside**

Plaintiff alleges that Deputy Clerk Whiteside refused to allow him to file a notice of appeal or other papers in the eviction case, particularly related to his claim of property conversion against Michael Powers. Plaintiff adds that Whiteside told him that Judge Sims issued those instructions. Plaintiff contends that he was an implied tenant and should have been allowed to file documents in the record even though he was not an actual named party.

A clerk of court has absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction. They have qualified immunity for routine duties not explicitly commanded by a court decree or by a judge's instructions. Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981). They "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process," Mylett v. Mullican, 992 F.2d 1347, 1352 n.36 (5th Cir. 1993); see also

Evans v. Suter, 260 Fed. Appx. 726, 727 (5th Cir. 2007) ("Clerks have absolute quasi-judicial immunity ... when they perform tasks integral to the judicial process.").

Plaintiff's complaints that certain documents were not properly filed by Whiteside are barred by these immunity doctrines. In Evans, the plaintiff's main complaint was the clerk's "failure to file one or more additional petitions for rehearing." The Fifth Circuit affirmed dismissal on the grounds that the clerk had absolute quasi-judicial immunity from damages related to that claim. The same is true here. Whiteside may also be entitled to absolute immunity because he allegedly declined to file the papers at a judge's direction. All claims against Whiteside should be dismissed.

**City of Shreveport**

Plaintiff names the City of Shreveport as a defendant based on generic allegations that it failed to train, supervise, and discipline its employees. His complaint set forth what appears to be portions of a publication regarding municipal liability under Section 1983. Plaintiff does not, however, allege specific facts that would make out a plausible claim for relief based on that rather demanding theory. All claims against the City of Shreveport should be dismissed.

**State Law Claims**

Plaintiff's complaint mentions state law claims such as trespass and conversion. Plaintiff does not invoke diversity jurisdiction, and there does not appear to be a basis for it on the face of the complaint. He was residing in Shreveport, Louisiana before the eviction, and he continues to list a Shreveport address. It thus appears that Plaintiff is a

Louisiana citizen. Judge Sims and the City of Shreveport are also Louisiana citizens, and it is likely that some or all of the landlord/property management defendants are Louisiana citizens as well. That precludes Plaintiff from pursuing state law claims in federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

When federal claims are presented, the court may have supplemental jurisdiction over related state law claims. But once the federal claims are dismissed, 28 U.S.C. § 1367(c)(3) provides that the court may decline to exercise supplemental jurisdiction over any remaining state law claims, and the general rule is that the court should do so. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995). This court should decline to exercise supplemental jurisdiction over any state law claims presented in the complaint. Plaintiff may attempt to pursue those claims in state court.

Accordingly,

It is recommended that all of Plaintiff's federal law claims against all defendants be dismissed with prejudice for failure to state a claim on which relief may be granted. It is further recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss all such claims without prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of December, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge